## BOISE CASCADE CORPORATION

v.

## MAIN–ERBAUER, INC.

Supreme Judicial Court of Maine.

Argued Jan. 6, 1993.

Decided Feb. 4, 1993.

James M. Bowie (orally), Thompson & Bowie, Portland, for plaintiff.

Martica S. Douglas (orally), Douglas, Whiting, Quinn & Denham, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

WATHEN, Chief Justice.

Plaintiff Boise Cascade Corporation (Boise) appeals from a Superior Court order (Oxford County, *Alexander, J.*) denying Boise's third-party complaint against defendant Main–Erbauer, Inc., for the recovery of $150,000 that Boise paid to settle a tort claim brought against it by an employee of Main–Erbauer, its contractor. Boise sought to collect that sum by enforcing an insurance procurement clause in a contract with Main–Erbauer involving repair work on a paper winder (the "Winder contract"). Because there is no evidence that the Win-

der contract was breached, we affirm the judgment.

On October 3, 1984, Paul Gravel, then an employee of Main–Erbauer, was seriously injured when he was hit by a railroad car at Boise's Rumford mill. At the time of the injury, Main–Erbauer was working on a number of different projects at the mill, each governed by a separate contract. On October 3 Gravel was working on the number 12 Measurex machine which was governed by the "Measurex contract." At the same time Main–Erbauer was performing services for Boise under the Winder contract. Gravel was never assigned to the Winder job and his work was governed solely by the Measurex contract.

The Winder contract required Main–Erbauer to purchase a comprehensive general liability insurance policy including both premises and operations coverage and owners' and contractors' protective coverage, and to name Boise as an additional insured. Main–Erbauer purchased such a policy from the Wausau Insurance Companies, and that policy was in effect on the date of the accident.

On October 3, 1984, Gravel was assisting in assembling a protective steel structure around the Measurex machine on the second floor of the mill. After discovering that he had forgotten to bring a fire extinguisher to the job site, Gravel asked the man in charge of the Main–Erbauer crew working on the Winder job if he knew where one could be found. Gravel was invited to check the Winder crew's tool box located next to track 21 on the ground floor of the mill. This required Gravel to go down a spiral staircase and cross the railroad tracks. Gravel did not find a fire extinguisher and was returning across the tracks when he was struck by an oncoming train.

Main–Erbauer previously had crews working on track 21 in connection with the Winder contract, but on the date of the accident another outside contractor, Franki Foundation, was conducting operations on the track and was responsible for observing a procedure designed to protect people from incoming trains. All Main–Erbauer personnel working on the Winder job were located on the second floor of the mill, one level above the tracks.

Gravel sued Boise, Maine Central Railroad, and Franki Foundation for damages. Boise brought a third-party claim against Main–Erbauer that was severed from the original action for trial. Boise asserted both a contractual indemnity claim and a breach of contract claim for failure to procure insurance under the Winder contract. Main–Erbauer moved for summary judgment on both claims. The Superior Court (*Delahanty, C.J.*) granted the motion as to the indemnity claim on grounds that the claim was precluded by employer immunity provisions of the Workers' Compensation Act, but denied it as to the breach of contract claim after finding that an undertaking to procure insurance is separate and distinct from a contract to indemnify. Gravel's action was subsequently settled, with Boise contributing $150,000, and the third-party action was submitted to the Superior Court on the basis of a joint statement of agreed facts. The court found that Main–Erbauer's obligation under the Winder contract to provide premises/operations insurance did not extend to Gravel's accident because such insurance covers only actions arising from a contractor's operations and Main–Erbauer was not conducting operations under the Winder contract in the vicinity of track 21 at the time of the accident. This appeal followed.

■ Boise's complaint sought an order directing Main–Erbauer to provide insurance coverage under the Winder contract or in the alternative to indemnify Boise for the amount it paid to Gravel. Boise does not dispute that Main–Erbauer purchased the insurance coverages required by the Winder contract. Accordingly, Boise has not established that Main–Erbauer breached the Winder contract and its appeal must fail. "An agreement to obtain insurance is not an agreement of insurance; a person promising to obtain insurance does not by that promise become an insurer although he may assume the liabilities of one if he breaches the agreement." *Zettel v. Paschen Contractors, Inc.*, 100 Ill.App.3d 614,

56 Ill.Dec. 109, 111, 427 N.E.2d 189, 191 (1981).

■ On appeal Boise asserts for the first time that Main–Erbauer breached the Measurex contract.[1] An issue raised for the first time on appeal is in effect waived unless the court's failure to entertain the issue would result in a "plain miscarriage of justice." *Teel v. Colson,* 396 A.2d 529, 533–34 (Me.1979). That is not the case here. We therefore decline to review that issue.

The entry is:

Judgment affirmed.

All concurring.

---

1. The Measurex contract required Main–Erbauer to purchase a comprehensive general liability policy with the same coverages but did not require that Boise be named an additional insured.